IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DELTA CONSULTING GROUP INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-504-MJR-DGW |
| | ) | |
| R. RANDLE CONSTRUCTION, INC., and | ) | |
| RONALD S. RANDLE, | ) | |
| | ) | |
| Defendants. | | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Compel and For Sanctions (Doc. 97). In a separate order, the Court granted Plaintiff's Motion to Compel and took under advisement the portion of Plaintiff's motion for costs associated with bringing that motion. For the following reasons, the Court **RECOMMENDS** that Plaintiff's Motion for Sanctions **BE DENIED.**

**BACKGROUND**

On June 23, 2006, Delta Consulting Group, Inc. ("Plaintiff") filed this action against R. Randle Construction, Inc. and Ronald S. Randle (collectively "Defendants"), alleging that Defendants were required to pay $81,552.16 plus 9% interest for construction consulting services Plaintiff rendered to Defendants throughout 2003 and 2004. The Court entered a default judgment in favor of Plaintiff (Doc. 21); however, upon Defendants' motion, the Court set Defendants' default judgment aside (Doc. 32). Approximately one year after Plaintiff filed this lawsuit, Plaintiff filed a Motion for Summary Judgment (Doc. 55). The Court granted Plaintiff's motion (Doc. 72), and, on October 25, 2007, entered judgment in favor of Plaintiff for $81,552.16 plus prejudgment interest at a rate of 5% and post-judgment interest at a rate of 9% (Doc. 76). Subsequently, Defendants filed a notice of appeal on November 1, 2007 (Doc. 77). The appeal is currently pending in the Court of

Appeals for the Seventh Circuit. On July 29, 2008, Plaintiff served interrogatories and requests for production on Defendants. Defendants' answers to these requests were due on September 1, 2008; however, Defendants failed to respond. In an attempt to obtain the overdue discovery, Plaintiff wrote to Defendants' counsel; however, Defendants still did not provide Plaintiff with answers to Plaintiff's discovery requests (Doc. 97).

Consequently, Plaintiff filed the pending motion and asked the Court to (a) compel Defendants to respond to Plaintiff's discovery requests, (b) order Defendants to pay Plaintiff's costs associated with bringing Plaintiff's motion to compel, and © enter sanctions against Defendants in the event that Defendants disobey the Court's order directing them to respond to Plaintiff's discovery requests. On December 16, 2008, the Court ordered Defendants to respond to Plaintiff's post-judgment discovery requests and took under advisement Plaintiff's request for costs.

## ANALYSIS

Plaintiff moves for sanctions *in the event* that this Court orders Defendants to answer Plaintiff's post-judgment discovery requests and Defendants fail to do so (Doc. 97). Since the Court just recently ordered Defendants to respond to Plaintiff's discovery requests, and the Court's deadline has not passed, the issue of whether to impose sanctions is premature and not ripe for ruling. This Court will therefore will not recommend sanctions at this time. *See Wisconsin Central, Ltd v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008) (quoting *Lehn v. Holmes,* 364 F.3d 862, 867 (7th Cir.2004) (noting that "[r]ipeness is predicated on the "central perception ... that courts should not render decisions absent a genuine need to resolve a real dispute."); *and see Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992) (noting "[issues] are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts.").

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's **MOTION FOR SANCTIONS BE DENIED.** Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1, the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 16, 2008**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**